STATE OF MAINE      BUSINESS AND CONSUMER COURT
CUMBERLAND, ss.      DOCKET NO. BCD-CV-14-13 ✓

DARLENE F. EDWARDS and LEWIS M. )
EDWARDS, III,        )
            )
  Plaintiffs,       )  ORDER ON PLAINTIFFS'
            )  MOTION TO RECONSIDER
  v.           )
            )
FIDELITY NATIONAL TITLE    )
INSURANCE COMPANY,     )
            )
  Defendant.       )

Before the Court is the Motion to Reconsider by Plaintiffs Darlene F. Edwards and Lewis M. Edwards, III ("the Edwards") and the opposition thereto by Defendant Fidelity National Title Insurance Company ("Fidelity"). The motion came before the court for oral argument on March 23, 2015.

For the reasons set forth herein, this Court grants the Motion to Reconsider in part and, in so doing, will enter summary judgment in favor of the Edwards on Fidelity's duty to defend based on this Court's conclusion that the claims of deeded easement rights asserted by the Scott Defendants and the Cottage Lot Owners in the two underlying cases are potentially covered under the Policy.

## Background

The Edwards filed a Motion for Summary Judgment in this case in October 2014 wherein they sought summary judgment on the issue of Fidelity's duty to defend them in two underlying cases. Fidelity opposed this motion. By Order dated December 12, 2014, this court denied the Motion for Summary Judgment filed by the Edwards on the issue of Fidelity's duty to defend.

The Edwards timely filed the instant motion asking this court to reconsider its

1

summary judgment decision on the issue of Fidelity's duty to defend them because of their views that 1) there is potential for coverage under the Policy based on the claims of deeded easement rights allegedly burdening the Property as asserted by the Scott Defendants and the Cottage Lot Owners in these underlying cases, and 2) there is potential coverage under the Policy based on the claim made by the Town of Owls Head of public rights adverse to the Property at issue in one of the underlying cases.

## Analysis

A.    Claims of deeded easement rights asserted in the underlying cases

There is no dispute that the claims by the Scott Defendants and the Cottage Lot Owners in the underlying cases alleging that they have deeded easement rights which encumber the Property are claims which meet the definition of "Covered Risks" as defined by the Policy. Rather, the dispute between the parties here focuses on the language of Exception No. 6 in Schedule B of the Policy which excepts coverage for "covenants, conditions, restrictions, rights of ways, easements, reservations, riparian rights of water rights affecting said premises as contained in prior chain of title or as shown on the recorded plan." (PSOMF at Tab 1 - Schedule B to Policy).

Specifically, the parties disagree as to the meaning of the terms "contained in prior chain of title" and "shown on the recorded plan" set forth in Exception No. 6. As noted by this Court in its Order dated December 12, 2014, policy language is ambiguous if it is reasonably susceptible of different interpretations or if any ordinary person in the shoes of the insured would not understand that the policy did not cover claims such as those brought. *Cox v. Commonwealth Land Title Ins. Co.*, 59 A.3d 1280, 1283 (Me. 2013). By its Order dated December 12, 2014, this Court has already determined that both of these terms are ambiguous in the context of the Policy.

2

However, although this Court agreed with the Edwards that the terms "contained in prior chain of title" and "shown on the recorded plan" are ambiguous, the court did not resolve the ambiguity in favor of the Edwards. Rather, the court suggested that extrinsic evidence should be considered to resolve these ambiguities.

As set forth in more detail below, upon reconsideration, this court agrees with the Edwards that it should not attempt to resolve these ambiguities in the Policy language by examining extrinsic evidence. Rather, it is clear that these ambiguities must be resolved in favor of the Edwards.

If an exclusion in a policy is ambiguous, the court interprets it strictly against the insurer and liberally in favor of the insured. *Patrons Oxford Ins. Co. v. Harris*, 905 A.2d 819, 824 (Me. 2006). This is because "[u]ltimately, Maine law 'place[s] the burden of uncertainty as to [a] policy's coverage on the insurer.'" *Centennial Ins. Co. v. Patterson*, 564 F.3d 46, 54 (1st Cir. 2009) (quoting *Travelers Indem. Co. v. Dingwell*, 414 A.2d 220, 227 (Me. 1980)). Therefore, "[r]egardless of extrinsic evidence, if the complaint—read in conjunction with the policy—reveals a mere *potential* that the facts may come within the coverage, then the duty to defend exists." *Cox v. Commonwealth*, 59 A.3d at 1283 (citing *Penney v. Capitol City Transfer, Inc.*, 707 A.2d 387 (Me. 1998)); *see also OneBeacon America Ins. Co. v. Johnny's Selected Seeds, Inc.*, 2014 WL 1569517; *Metropolitan Property and Casualty Ins. Co. v. McCarthy*, 754 F.3d 47 (1st Cir. 2014).

The term "contained in the prior chain of title" as used in Exception No 6, when construed in favor of the Edwards, means *the record of successive conveyances, or other forms of alienation, for the Property with the record period starting with a warranty deed recorded at least 40 years prior to the present date. See Black's Law Dictionary* for a definition of "chain of title" and *Maine Title Standard* 201 which prescribes the accepted standard followed by attorneys and title examiners in searching and examining the record for real property in Maine.

3

Upon a review of the facts alleged by the claimants in their counterclaims in the underlying cases, it is clear that the potential exists that the deeded easements claimed are not "contained in the prior chain of title" for the Property. The counterclaim by the Scott Defendants cites two deeds as being within the chain of title for the Scott property and supporting their claim of deeded easement rights: a deed from the Estate of James Young to Robert S. Hurtig and Marie E. Hurtig recorded at the Knox County Registry of Deeds at Book 1416, Page 147 and a deed from the Hurtigs to the Scott Defendants recorded at said Registry at Book 1857, Page 087. (PSOMF at Tab 6 - Counterclaim by Scott Defendants ¶¶ 9,10, 18 and 19). There is no assertion in the Scott counterclaim that these deeds are "contained in the prior chain of title" for the Property of the Edwards. Likewise, the claims of deeded easement rights by the Cottage Lot Owners cite to various deeds in their respective chains of title which are not alleged to be "contained in the prior chain of title" for the Property of the Edwards. (PSOMF at Tab 8 - Amended Counterclaim by Cottage Lot Owners ¶¶ 18-35). Thus, there is clearly potential that the claimed deeded easement rights are easements affecting the Property which are not "contained in the prior chain of title" for the Property.

The term "shown on the recorded plan" as used in Exception No 6 of the Policy is ambiguous because it is not clear which plan is meant. Thus, where it cannot be said which plan is meant, this exception cannot be interpreted to except coverage which is otherwise covered as a "Covered Risk" under the Policy.

Moreover, even if it could be said that "the recorded plan" unambiguously means the Blackinton Plan, this does not provide Fidelity with a basis to deny its duty to defend because there is nothing on the Blackinton Plan which unambiguously shows an easement for use of the beach on the Property of the Edwards for bathing and boating for the benefit of the property of the Scotts or the properties of the Cottage Lot Owners.

4

The threshold for imposing a duty to defend is low and that threshold has been met in this case.

### B. The Town's Claim of Dedicated Public Easement

The Edwards ask this Court to reconsider the interpretation of the term "stated cause of action" as contained in the Policy, and to grant them, rather than Fidelity, summary judgment on the issue of whether Fidelity owes a duty to defend the claim of the Town. The Court entertained and has considered written and oral arguments on these issues and remains persuaded that Fidelity is entitled to summary judgment on this issue. Specifically, as stated in Part F of the Court's previous Order dated December 12, 2014, the Policy clearly and unambiguously limits Fidelity's duty to defend to "stated causes of action alleging matters insured against by this policy." A cause of action cannot be equated with an affirmative defense. *See Philadelphia Indem. Ins. Co. v. Chicago Title Ins. Co.*, 771 F.3d 391, 401 & n.7 (7th Cir. 2014) (title insurer had no duty to defend against an affirmative defense because policy limited duty to defend to "causes of action" and an affirmative defense is not a cause of action).

Because the Town never asserted any "stated causes of action alleging matters insured against by this policy," to extend Fidelity's duty to defend to this circumstance would, in effect, be to rewrite the Policy. It would also be to convert what is a clearly defined duty to defend against litigation into a duty to subsidize litigation initiated by the Edwards.

### Conclusion

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Motion to Reconsider this Court's Order dated December 12, 2014 is GRANTED as to the issue of Fidelity's duty to defend the deeded easement counterclaims asserted against them. As to that issue, summary judgment is hereby granted to Plaintiffs that Fidelity has a duty to defend them against the counterclaims of deeded easement rights in the underlying cases. The Motion to Reconsider is

5

DENIED as to Plaintiffs' claim that Fidelity has a duty to "defend" the claims asserted by them against the Town.

Pursuant to M.R.Civ.P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated April 16, 2015

A.M. Horton, Justice
Maine Business and Consumer Court

6

**Darlene F. Edwards and Lewis M. Edwards, III. v. Fidelity National Title Insurance Company**
**BCD-CV-14-13**


**Darlene F. Edwards and Lewis M. Edwards, III.**
    **Plaintiffs**

        Counsel:               James Barns, Esq.
                               361 US Route 1
                               Falmouth, ME 04105

                               Mary Cooper, Esq.
                               17 Sea Street
                               PO Box 190
                               Camden, ME 04843


**Fidelity National Title Insurance Company**
    **Defendant**

        Counsel:               Brent Singer, Esq.
                                 F. D. Walker, Esq.
                               84 Harlow St.
                               PO  Box 140
                               Bangor, ME 04402-1401